# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JERMAINE LOCKHART,

      Plaintiff,

v.

GIPSY ALVAREZ, GAYLE GRIFFITH, and TORRIA VAN BUREN,

      Defendants.

Case No. 19-CV-1658-JPS

**ORDER**

   Plaintiff Jermaine Lockhart, a prisoner proceeding in this matter *pro se*, filed a complaint alleging that Defendants violated his constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Plaintiff has been assessed and has paid an initial partial filing fee of $1.54. 28 U.S.C. § 1915(b).

   The court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

   A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual

allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

At all times relevant, Plaintiff was a prisoner at Waupun Correctional Institution, and Defendants were doctors on the mental health staff at the prison. On July 19, 2019, Plaintiff was housed in the segregation unit of the prison. That day, while Defendant Gipsy Alvarez ("Alvarez") was conducting observation checks on the segregation prisoners, Plaintiff called out to her, stating that he intended to overdose on the pills he had in his cell. Alvarez did not engage with Plaintiff or notify security staff of the threat. Plaintiff later took the pills and was taken to the hospital for treatment. Plaintiff maintains that Alvarez knew he had a history of overdosing on medication.

When Plaintiff returned from the hospital, Defendant Torria Van Buren ("Van Buren") placed Plaintiff on observation status. Van Buren also imposed a behavior management plan on Plaintiff because he had been stalking Alvarez and making sexual comments to her. Plaintiff filed a complaint against Alvarez for failing to act on his threat of self-harm.

Plaintiff was later informed by Defendant Gayle Griffith ("Griffith") that Van Buren decided to keep Plaintiff on observation status three days longer because he filed the complaint. Plaintiff says he was traumatized by the harsh conditions of observation status.

In light of the generous standard of review applicable at the screening stage, the Court concludes that Plaintiff may proceed on two claims against the defendants. As for Alvarez, she may be liable under the Eighth Amendment for being deliberately indifferent to Plaintiff's serious medical needs. Such a claim requires proof that

> (1) the prisoner suffered an objectively serious harm that presented a substantial risk to his safety, and (2) the defendants were deliberately indifferent to that risk. *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir.2006). In this prison suicide case, the first element is automatically satisfied because "it goes without saying that suicide is a serious harm." *Id.* (quotation omitted). The second, "deliberate indifference" element requires a dual showing "that the defendant: (1) subjectively knew the prisoner was at substantial risk of committing suicide and (2) intentionally disregarded the risk." *Id.* at 761 (citing *Matos ex rel. Matos v. O'Sullivan*, 335 F.3d 553, 557 (7th Cir.2003)).

*Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010). A genuine threat of self-harm can constitute a serious medical need, and Alvarez was clearly indifferent to Plaintiff's plight. The Court notes that the issue of harassment may become critical to this claim. If Plaintiff's overdose was motivated by his desire to harass Alvarez, rather than genuine suicidal ideation, the claim will be dismissed and Plaintiff will be subject to sanction. For now, however, the Court must construe his allegations generously and allow him to proceed against Alvarez.

As to Van Buren, Plaintiff states a claim for retaliation in violation of the First Amendment for Plaintiff's use of the prison grievance system. To

prevail on this claim, Plaintiff must ultimately show that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). The filing of a complaint, grievance, or lawsuit by a prisoner is activity protected under the First Amendment. *Id*. Plaintiff alleges that his complaint was the primary motivation for Van Buren to keep him on observation status. This suffices to allow Plaintiff to proceed against Van Buren. It is unclear what Griffith's role was in these events; did she have the authority to remove Plaintiff from observation, or was that Van Buren's decision alone? Lacking an answer to this question, the Court will also allow Plaintiff to proceed against Griffith on this claim.

Therefore, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment, by Alvarez on July 19, 2019.

**Claim Two:** Retaliation, in violation of the First Amendment, by Van Buren and Griffith in July-August 2019.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this Order are being electronically sent today to the Wisconsin Department of Justice for service on Defendants;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendants shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee, $348.46, by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. If Plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 30th day of December, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge